IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CHARLES DAVID BROOKS | § | |
| v. | § | CIVIL ACTION NO. 5:11cv154 |
| TIMOTHY EVANS, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Charles Brooks, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Brooks named TDCJ officers Timothy Evans, William Teftiller, Bobby Hall, and Jorden Smith, but has subsequently asked that Hall and Smith be dismissed.

Brooks complained of a use of force incident which occurred on April 23, 2011. In his complaint, he stated that

> On 4-23-2011 Telford Unit and 3 Building in C Pod hallway because I would not argue with Teftiller, while I was at lunch, both Teftiller and Evans conspired to commit assault. Evans did assault me with closed fist repeatedly as I layed in the middle of the hallway not resisting. Because I would not "shut up," Sergeant Hall slammed my head viciously into the wall slicing open my eyebrow. Lt. Smith simply looked on saying nothing. Because Hall was on the sidewalk he could not protect me from Evans, Lt. Smith failed to protect me from Hall. Evans failed to document him assaulting me, so did Teftiller. Hall and Smith failed to document such. The case was not investigated at all. They lied about doing so.

The Defendants were ordered to answer the lawsuit and have filed a motion for summary judgment. This motion asserted that Brooks' claims were barred or "strictly limited" by the favorable-termination rule of Heck v. Humphrey, 512 U.S. 477 (1994) because Brooks received

1

a disciplinary case for assaulting Evans, and the claims that he raised in the lawsuit would necessarily imply the invalidity of that case. However, Brooks did not show that the disciplinary case had been overturned, set aside, or otherwise expunged. The Defendants also asserted that their actions were reasonable, Brooks' injuries were *de minimis* and consistent with a reasonable amount of force being used, there was no claim of failure to protect from excessive force because no excessive force was used, there was no conspiracy to assault, Brooks, and that the Defendants are entitled to qualified and Eleventh Amendment immunity.

In his response to the motion for summary judgment, Brooks asked that his claims against Hall and Smith be dismissed. He disputed the version of the facts presented by the Defendants and contended that Evans and Teftiller gave inconsistent statements. Brooks also argued that the disciplinary case had been falsified and that disciplinary cases are geared against inmates, to the point that charging officers are considered to be "incapable of lying."

Brooks stated that it would be "premature" to grant summary judgment to the Defendants based on Heck because he has filed a federal habeas petition challenging the disciplinary case. In addition, he stated that the disciplinary case was given for the purpose of covering up the assault. Brooks contended that the existence of an improper motive for disciplining a prisoner, which results in an interference with constitutional rights, could itself give rise to a cause of action. Brooks argued that his injuries were not *de minimis* and that the Defendants were not entitled to either qualified or Eleventh Amendment immunity.

After review of the pleadings and the summary judgment evidence, the Magistrate Judge issued a Report recommending that the motion for summary judgment be granted and that the lawsuit be dismissed based upon the favorable-termination rule of Heck. The Magistrate Judge noted that Brooks's contentions, if proven, cast doubt on the viability of the disciplinary conviction which he received. She cited Fifth Circuit precedent holding that where an inmate complains that excessive force was used against him without provocation, but received a disciplinary case for assaulting an officer in connection with the same incident, and the excessive force claim would

necessarily implicate the validity of that disciplinary case, the inmate's excessive force claim is barred by Heck until such time as the inmate can show that the disciplinary case has been overturned, expunged, or otherwise set aside. Hadnot v. Butler, 332 Fed.Appx. 206, 2009 WL 1657062 (5th Cir., June 15, 2009); Powell v. Maddox, 81 Fed.Appx. 476, 2003 WL 22734607 (5th Cir., November 30, 2003); Null v. Sanders, civil action no. 2:00cv58, 2001 WL 256111 (N.D.Tex., March 9, 2001, *aff'd* 273 F.3d 1094, 2001 WL 1085077 (5th Cir., August 28, 2001). Because Brooks did not show that his disciplinary case had been overturned or otherwise set aside, the Magistrate Judge recommended that the motion for summary judgment be granted on this issue and the lawsuit be dismissed until such time as Brooks made such a showing.

Brooks filed objections to the Magistrate Judge's Report on August 31, 2012. In his objections, Brooks first argues that his motion for summary judgment should be granted. He next contends that while he was in fact convicted in a disciplinary case, he is "no longer barred" by Heck.

Brooks sets out his version of the facts, including his contention that Evans' testimony at the disciplinary hearing contradicted the officer's written statement. He similarly states that Teftiller's written statement contradicted that of Evans. Brooks claims that Evans "does not dispute that he assaulted Plaintiff," and according to Brooks, the TDCJ use of force plan refers to such defensive tactics as "holds and tactics that prevent blows to security staff and that permit security to restrain without striking." Thus, Brooks states, Evans' admission that he struck Brooks shows a violation of the TDCJ use of force plan as well as a constitutional violation under Brown v. Lippard, 472 F.3d 384, 386 (5th Cir. 2006).

After discussing the standards for evaluating use of force claims and stating that the Defendants are not entitled to Eleventh Amendment immunity because he sued them in their individual capacities, Brooks returns to the Heck issue, stating that under Wolff v. McDonnell 418 U.S. 539 (1974), due process safeguards must be observed in disciplinary proceedings. He notes that he lost 300 days of good time in the disciplinary case at issue, and contends that "the disciplinary system is so uneven that even if plaintiff Brooks had witnesses including that of an officer he would

still have been found guilty." Brooks argues he was denied due process because false evidence was introduced in his disciplinary hearing and asserts that his statements have been consistent, while those of Evans and Teftiller have been contradictory. He again notes his habeas petition challenging the disciplinary case is still pending and argues that the filing of this disciplinary case was done with malicious intent to cover up the assault. In addition, Brooks states "the mind-set of the unit disciplinary hearing officer (DHO) is that if an inmate gets written up or is written an offense report then the inmate is guilty even if finding the inmate guilty violates the due process clause." Thus, Brooks argues, it would be unfair to grant summary judgment based on his disciplinary conviction.

Discussion

As the Magistrate Judge stated, the Fifth Circuit has held as follows:

> A prisoner attacking a disciplinary proceeding that resulted in the loss of good time credits cannot bring a 42 U.S.C. §1983 action seeking damages until his 'conviction' in that proceeding has been expunged, reversed, or otherwise set aside. Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997); Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998) (*en banc*). Powell is unable to show that his disciplinary conviction has been set aside. *See* Randell v. Johnson, 227 F/3d 300, 301 (5th Cir. 2000). The judgment of the district court is affirmed.

Powell v. Maddox, 81 Fed.Appx. 476, 2003 WL 22734607 (5th Cir., November 30, 2003). The same situation exists in this case; Brooks alleged that the prison officials used excessive force on him, and the altercation resulted in a disciplinary case that resulted in the loss of good time credits. Brooks' allegations would necessarily imply the invalidity of the disciplinary case which he received for allegedly assaulting Evans, both in his assertion that he was assaulted without provocation and in his contention that the disciplinary case was falsified and given to him as part of an effort to cover up the assault. However, as the Fifth Circuit explained, Brooks cannot seek damages in a §1983 proceeding implying the invalidity of the disciplinary case until he can show that the case has been expunged, overturned, or otherwise set aside. Because he has not done so, the Magistrate Judge correctly recommended that the motion for summary judgment be granted.

Although Brooks maintains that he was denied due process in the disciplinary hearing, this contention is better suited for his habeas corpus petition than a §1983 proceeding concerning the

4

underlying incident.  Proof that Brooks was denied due process in the disciplinary hearing would give him a basis for habeas relief in his challenge to the disciplinary case, and the granting of federal habeas corpus relief would satisfy the Heck pre-conditions so as to allow Brooks to proceed with his civil rights lawsuit.  At the present time, however, Brooks has not satisfied the Heck pre-conditions, in that he has not shown that the disciplinary case has been expunged, overturned, or otherwise set aside.  As the Magistrate Judge correctly concluded, Brooks cannot proceed on a §1983 lawsuit which necessarily implies the invalidity of that disciplinary case until he makes such a showing.  Brooks' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this case, including the Plaintiff's complaint, Defendants' motion for summary judgment, the Plaintiff's response thereto, the summary judgment evidence, the Report of the Magistrate Judge, and the Plaintiff's objections thereto.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit.  It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge (docket no. 51) is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the Defendants' motion for summary judgment (docket no. 33) is hereby GRANTED and the above-styled civil action be and hereby is DISMISSED with prejudice as to its refiling until such time as Brooks can show that he has satisfied the Heck pre-conditions – in other words, until he can show that the disciplinary case which he received has been overturned, expunged, set aside, or called into question through the issuance of a federal writ of habeas corpus.  Brooks cannot refile this lawsuit until he can make this showing.  It is further

ORDERED that the Plaintiff's claims against the Defendants Bobby Hall and Jorden Smith are hereby DISMISSED with prejudice on the Plaintiff's request.   Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**It is SO ORDERED.**

SIGNED this 10th day of September, 2012.

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE