IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

CHARLES BROOKS                                §

v.                                                          §            CIVIL ACTION NO. 5:11cv154

TIMOTHY EVANS, ET AL.                    §


MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND DENYING MOTIONS TO REFILE LAWSUIT AND REOPEN CASE

The Plaintiff Charles Brooks, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights during his confinement in the Texas Department of Criminal Justice, Correctional Institutions Division. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Brooks' lawsuit complained of an alleged use of force occurring on April 23, 2011, in which he claimed to have been assaulted by Officer Timothy Evans as part of a conspiracy between Evans and Officer William Teftiller. The Defendants filed a motion for summary judgment contending the use of force was reasonable and Brooks' claims were barred by Heck v. Humphrey, 512 U.S. 477 (1994) because Brooks did not show the disciplinary case he received as a result of the incident had been expunged or otherwise set aside. The district court granted this motion based on the favorable-termination rule of Heck and Brooks' lawsuit was dismissed on September 10, 2012.

Almost two years later, on September 5, 2014, Brooks filed a motion asking for permission to refile his lawsuit, following this on September 15, 2014 with a motion to reopen his case. The magistrate judge construed these as motions for relief from judgment under Fed. R. Civ. P. 60(b) and issued a Report recommending that they be denied.

Brooks filed objections to the magistrate judge's Report contending the use of force was not reasonable and he is no longer barred by <u>Heck</u> because the habeas corpus petition he filed challenging the disciplinary case was dismissed. Brooks has not shown the disciplinary case has been expunged, overturned, or set aside; on the contrary, the dismissal of his habeas petition confirms that the disciplinary case is still valid, meaning the <u>Heck</u> bar remains in place. <u>Wheeler v. Spivey</u>, 135 Fed.Appx. 702, 2005 WL 1462591 (5th Cir., June 21, 2005) (dismissal pursuant to <u>Heck</u> upheld where plaintiff "has not provided evidence in support of his allegation that his disciplinary conviction has been overturned or declared invalid").

The Court has conducted a careful *de novo* review of the pleadings in this cause, the Report of the magistrate judge, and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has determined the Report of the magistrate judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report of the magistrate judge (docket no. 63) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Plaintiff's motion for permission to file a §1983 lawsuit (docket no. 60) and motion to reopen the case (docket no. 61) are hereby **DENIED.**

**SIGNED this 23rd day of December, 2014.**


_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE

2